UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE CLAIRE R. KELLY

|  |  |
|---|---|
| THE UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 14-00134 |
| FREIGHT FORWARDER INTERNATIONAL, INC., | ) |
| Defendant. | ) |

## **ORDER**

Upon consideration of plaintiff's motion for default judgment, it is hereby ORDERED that plaintiff's motion is granted, and judgment is entered in favor of the United States and against defendant, Freight Forwarder International, Inc. in the amount of $10,000.00, plus post-judgment interest and costs as provided by law, including $190.00 in costs for service of process of the summons and complaint.

_____
JUDGE

Dated: _____
  New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE CLAIRE R. KELLY

| | |
|---|---|
| THE UNITED STATES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Court No. 14-00134 ) |
| FREIGHT FORWARDER INTERNATIONAL, INC., | ) ) ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b) of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully requests that this Court enter default judgment against defendant Freight Forwarder International, Inc. (FFI) in the sum of $10,000.00, plus post-judgment interest in an amount established by 28 U.S.C. §§ 1961(a) and (b). Because FFI has defaulted and plaintiff's complaint establishes a right to relief in accordance with USCIT R. 55(b), the motion should be granted.

### DISCUSSION

This is an action to recover a penalty against FFI for transacting customs broker business without a license in violation of 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4.

Plaintiff filed its complaint on June 5, 2014. *See* Dkt. No. 3. In Count I of the complaint, plaintiff alleges that, as a result of violations of 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4, FFI is liable to the United States for a penalty in the amount of $10,000. Compl. ¶¶ 16-18.

This Court possesses exclusive jurisdiction to entertain this action under 28 U.S.C. § 1582. Compl. ¶ 2.

Default was entered on August 18, 2014. *See* Dkt. No. 7 (entry of default order); Dkt. No. 6 (Plaintiff's Request for Entry of Default based upon FFI's failure to plead or otherwise defend in response to the complaint as prescribed by USCIT R. 12 and 55).

In support of this motion, plaintiff submits the attached declaration of Leslie G. Dillman, Fines, Penalties, and Enforcement Officer for the U.S. Customs and Border Protection (CBP) for the Area Service Port of New Orleans, Louisiana, and Attachment A thereto. *See* Dillman Decl. ¶ 1.

## I.    Standard For Default Judgment

Under USCIT R. 55(b), when (1) the defendant has been defaulted, and (2) the claim is for a sum certain or can be made certain by computation and is supported by a declaration showing the amount due, the Court "must enter judgment for that amount and costs against [the] defendant who has defaulted for not appearing . . . ."

When considering a motion for default judgment, the Court accepts as true all well-pled facts in the complaint, but must reach its own legal conclusions. *See United States v. Callish, Ltd.*, 2013 WL 1277018, *2 (Ct. Int'l Trade Mar. 28, 2013); *United States v. Scotia Pharm. Ltd.*, No. 03-00658, 2009 WL 1410437, at *3 (Ct. Int'l Trade May 20, 2009) (the Court "must accept as true all well-pled facts in the complaint except those pertaining to the amount of damages"). After an entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (quoting Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice*

2

*and Procedure* § 2688, at 63 (3d ed. 1988)); *see also United States v. Santos*, 883 F. Supp. 2d 1322, 1326 n.4 ("[T]he court will not grant default judgment on the basis of a complaint that is insufficiently pled.").

## II.     The Well-Pled Facts In The Complaint Establish FFI's Liability

### A.     Liability Under 19 U.S.C. § 1641(b)(6)

Under 19 U.S.C. § 1641(b)(6), a "person" who "intentionally transacts customs business, other than solely on the behalf of that person, without holding a valid customs broker's license" granted to that person under section 1641 "shall be liable to the United States for a monetary penalty not to exceed $10,000 for each such transaction as well as for each violation of any other provision" of section 1641. 19 U.S.C. § 1641(b)(6); *see also* 19 C.F.R. 111.4 (substantially similar provision).

For a corporation to qualify for a broker's license, it must both (1) be empowered under its articles of association or articles of incorporation to transact customs business as a broker *and* (2) have at least one officer who has obtained a valid broker's license granted to him as an individual under section 1641(b)(2). 19 U.S.C. § 1641(b)(3); 19 C.F.R. § 111.11(c).

The statute defines "customs business" as including "activities involving transactions with the Customs Service concerning the entry and admissibility of merchandise," and "the payment of duties, taxes, or other charges assessed or collected by the Customs Service upon merchandise by reason of its importation[.]" 19 U.S.C. § 1641(a)(2). Customs business "also includes the preparation of documents or forms in any format and the electronic transmission of documents, invoices, bills, or parts thereof, intended to be filed with the Customs Service in furtherance of such activities, whether or not signed or filed by the preparer, or activities relating

3

to such preparation, but does not include the mere electronic transmission of data received for transmission to Customs." *Id.*

The monetary penalty for a violation of section 1641(a)(6) may not exceed $10,000 for each transaction or violation, and may not exceed an aggregate of $30,000 for all those transactions and violations. *See* 19 U.S.C. §§ 1641(a)(6), 1641(d)(2)(A) (providing for monetary penalties not to exceed $30,000 for violations of section 1641(a)(6)); 19 C.F.R. § 111.91(b); *see also* 19 C.F.R. Part 171, App. C. Formal requirements must be followed for the penalty to be properly imposed upon a violator. 19 U.S.C. § 1641(d)(2)(A).

### B. FFI Engaged In Customs Business Without A Customs Broker's License

FFI is a Louisiana corporation domiciled in Kenner, Louisiana. Compl. ¶ 3. From June 2009 to January 2010, FFI did not hold a corporate customs broker's license in accordance with 19 U.S.C. § 1641(b)(3) or 19 C.F.R. § 111.11. *Id.* ¶ 4. Accordingly, FFI was not licensed or authorized to transact customs business. *Id*.

From June 2009 to January 2010, nineteen entries of merchandise were made through the Port of New Orleans, Louisiana: E4F-0000019-1, E4F-0700000-4, E4F-0000023-3, E4F-0000021-7, E4F-0000028-2, E4F-0000029-0; E4F-0000030-8; E4F-0000031-6; E4F-0000033-2; E4F-0000036-5; E4F-0000037-3; E4F-0000040-7, E4F-0000076-1; E4F-0000047-2; E4F-0000048-0; E4F-0000050-6; E4F-0000058-9; E4F-0000064-7, and E4F-0000100-9. *Id.* ¶ 5; Dillman Decl. ¶ 2 & Attachment A (reflecting details of entries including duties and fees paid).

For each of these nineteen entries, FFI engaged in customs business by paying duties and fees on behalf of others to CBP for the importation of merchandise and, for some of the entries, directly invoicing the importers for duties and fees assessed by CBP for the importation of

4

merchandise.  Compl. ¶ 6; *see also* Dillman Decl. Attachment A (exemplar FFI invoices).  From June 2009 to January 2010, FFI intentionally transacted customs business on behalf of others without a valid broker's license.  Compl. ¶ 8.

In addition, the well-pled facts demonstrate that, from June 2009 to January 2010, FFI held itself out as a customs broker on its website and in written communications with third parties, representing that it provided "in-house customs broker services" and had an "in house broker."  Compl. ¶ 7; *see* Dillman Decl. Attachment A (FFI website stating that FFI has "in-house customs broker services").  Although an FFI employee held a customs broker's license in her individual capacity, FFI did not obtain a *company* broker's license as required.  19 U.S.C. § 1641(b)(3); 19 C.F.R. § 111.11(c).

The well-pled facts establish that FFI's actions violated section 1641(b)(6) and 19 C.F.R. § 111.4, which prohibit any person from transacting customs business without a valid customs broker license.

Formal requirements necessary to impose a penalty on FFI were followed.  On June 3, 2010, CBP issued a pre-penalty notice to FFI for conducting customs business without a customs broker license in violation of 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4, with a proposed penalty of $10,000.  Compl. ¶ 9.  On or about July 20, 2010, FFI submitted a petition, seeking cancelation of the proposed penalty.  *Id.* ¶ 10.  On August 25, 2010, CBP issued a penalty notice demanding payment of $10,000 and denying FFI's petition.  *Id.* ¶ 11.  After denying FFI's subsequent request that the penalty be canceled or mitigated, *id.* ¶¶ 12-13, CBP issued four successive bills to FFI demanding payment of the $10,000 penalty.  *Id.* ¶ 14.  To date, the penalty has not been paid; all administrative procedures were exhausted.  *Id.* ¶ 15; *see also* Dillman Decl.

¶¶ 6-12.

        **C.**        **The Monetary Penalty Assessed Against FFI Is Justified**

The well-pled facts also establish that CBP's imposition of a penalty in the amount of $10,000 for FFI's violations of section 1641(a)(6) was justified. Compl. ¶ 18; Dillman Decl. ¶ 6. CBP was authorized under 19 C.F.R. § 111.91(b) to assess a penalty against FFI for an amount not to exceed $10,000 for each transaction or violation of 19 C.F.R. § 111.4. 19 C.F.R. § 111.91(b); *see also* 19 C.F.R. Part 171, App. C (same). FFI violated 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4 by engaging in transactions with CBP without a license with respect to nineteen different entries of merchandise from June 2009 to January 2010. Compl. ¶ 5. It also held itself out as a customs broker on its website and in communications with third parties. *Id.* ¶ 7. Accordingly, the $10,000 penalty is appropriate and supported.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion and enter a default judgment for $10,000.00 in a civil penalty against FFI plus post-judgment interest and costs as provided by law, including $190.00, which was the cost incurred by the Government to serve the summons and complaint upon FFI in accordance with CIT Rule 4(c)(2). *See* Pl. Request for Entry of Default, Dkt. No. 6 (noting FFI's failure to waive service of the summons and complaint in response to defendant's request for such waiver); Exhibit 1 (Plaintiff's invoice for service of the summons and complaint).

                                                Respectfully submitted,

                                                JOYCE R. BRANDA
                                                Acting Assistant Attorney General

                                                JEANNE E. DAVIDSON
                                                Director

                                                /s/ Claudia Burke
                                                Claudia Burke
                                                Assistant Director

                                                /s/ Alexander O. Canizares
                                                ALEXANDER O. CANIZARES
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Commercial Litigation Branch
                                                P.O. Box 480
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Tel.:   (202) 305-3274
                                                Fax:   (202) 514-8624
                                                Email: Alexander.O.Canizares@usdoj.gov

November 6, 2014                               Attorneys for Plaintiff United States