UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  Court No.14-00134

FREIGHT FORWARDER INTERNATIONAL, INC.

    Defendant

---

## DECLARATION

LESLIE G. DILLMANN, pursuant to 28 U.S.C. § 1746, declares:

1. I am the Fines, Penalties and Forfeitures Officer for the U.S. Customs and Border Protection (hereinafter "CBP") for the Area Service Port of New Orleans, Louisiana. I am responsible for initiating and adjudicating penalty cases involving violations of 19 U.S.C. § 1641 for the Area Service Port. I submit this Declaration in support of the United States' motion for a default judgment. This Declaration is based on my review of the official records of the United States and information obtained from other employees of the United States.

2. Between June 2009 and January 2010, nineteen entries of imported merchandise were submitted through the Port of New Orleans, Lousiana: E4F-0000019-1, E4F-0700000-4, E4F-0000023-3, E4F-0000021-7, E4F-0000028-2, E4F-0000029-0, E4F-0000030-8, E4F-0000031-6, E4F-0000033-2, E4F-0000036-5, E4F-0000037-3, E4F-0000040-7, E4F-0000076-1, E4F-0000047-2, E4F-0000048-0, E4F-0000050-6, E4F-0000058-9, E4F-0000064-7, E4F-0000100-9.

3. For each of the entries identified in paragraph 2 above, Freight Forwarder International, Inc. (hereinafter "FFI") engaged in customs business, filing entries to obtain release of cargo, submitting entries summaries, and issuing payment to CBP for duties and fees that were owing on these importations. For some of the entries FFI directly invoiced the importers for these expenses. Customs business is defined

in both the statute, 19 U.S.C. § 1641(a)(2) and the implementing customs regulation, 19 C.F.R. § 111.1, as meaning those activities involving transactions with CBP concerning the entry and admissibility of merchandise, the classification and valuation, the payment of duties, taxes, or other charges assessed or collected by CBP on merchandise by reason of its importation, and the refund, rebate, or drawback of those duties, taxes, or other charges. Customs business also includes the preparation, and activities relating to the preparation, of documents in any format and the electronic transmission of documents and parts of documents intended to be filed with CBP in furtherance of any other customs business activity, whether or not signed or filed by the preparation. Under 19 U.S.C. § 1641(b)(1) no person may conduct customs business (other than solely on behalf of that person) unless that person holds a valid customs broker's license issued by the Secretary under paragraph (2) or (3).

4. At all times relevant to the entries identified in paragraph 2 above, FFI did not hold a corporate broker's license, nor did any of FFI's officers hold a customs broker's license. As a result, FFI was not licensed or authorized to transact customs business during that time period.

5. FFI held itself out as a customs broker, to the importing public, indicating that they had an "in-house broker" and provided "in-house custom broker services." By doing this, FFI transacted customs business for its customers without holding a valid broker's license. *Refer to Attachment A of this declaration.*

6. On June 3, 2010, CBP issued a pre-penalty notice to FFI, advising the company that CBP was contemplating the assessment of a penalty in the amount of $10,000, for the prohibited act of transacting customs business without a valid customs broker's license, pursuant to 19 U.S.C. § 1641(b)(6). According to this statute and the implementing customs regulation, 19 C.F.R. § 111.4, any person who intentionally transacts customs business, other than as provided in 19 C.F.R. § 111.2(a)(2), without holding a valid customs broker's license, will be liable for a monetary penalty not to exceed $10,000 for each such transaction as well as for each violation of any other provision of this section. Specifically, customs regulation 19 C.F.R. § 111.91(b) authorizes assessment of a monetary penalty in the case of a person who is not a broker in an amount not to exceed $10,000 for each transaction or violation referred to in § 111.4 and in an amount not to exceed an aggregate of $30,000 for all those transactions or violations.

7. On July 20, 2010, FFI submitted a pre-penalty response seeking cancellation of the proposed penalty.

8. On August 25, 2010, CBP issued a notice of penalty to FFI in the amount of $10,000, pursuant to 19 U.S.C. § 1641(b)(6).

9. On October 15, 2010, FFI submitted a petition for relief from the full penalty amount.

10. On April 21, 2011, CBP issued a response denying relief from the full penalty amount.

11. On May 21, 2011, June 4, 2011, June 18, 2011, and November 7, 2011, CBP issued bills to FFI demanding payment of the $10,000 penalty.

12. To date, the penalty has not been paid and all administrative procedures for collection have been exhausted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 10/22/2014

Leslie G. Dillmann

Freight Forwarders



Declaration of
LESLIE G. DILLMANN

Attachment A

Page 1 of 2



## Freight Forwarder Services

Freight Forwarder International is a full service forwarding company. The following services are available to our clients:

- On-line tracking of shipments from the time of departure to arrival at the destination.
- We are specialists in handling dangerous goods.
- Freight Forwarder International has in-house custom broker services.
- Insurance is available to our clients. We can handle this service if requested by the client. It is important to note this service is provided at an additional cost based on value and content.
- Highest level of customer service.
- Freight Forwarder International is available to our clients 24/7.
- Air Freight Shipments: airport to airport, airport to door, or door to door
- Ocean Shipments: pier to pier, pier to door, or door to door
- Trucking: door to door

**SERVICE AREAS**

http://www.freightforwardintl.com/services.asp                    1/15/2010

PN 20102002-300124-01

U.S. Customs and Border Protection
Area Port of New Orleans

| # | Entry Number | Date of Entry | Date of Entry Summary | Type of Payment | Duties and Fees Paid |
|---|---|---|---|---|---|
| 1 | E4F-0000019-1 | 6/6/2009 | 06/17/2009 | ACH | $25.00 |
| 2 | E4F-0700000-4 | 6/16/2009 | 06/17/2009 | Check # 3160 | $51.68 |
| 3 | E4F-0000023-3 | 6/19/2009 | 07/01/2009 | Check # 3202 | $2.00 |
| 4 | E4F-0000021-7 | 6/20/2009 | 07/01/2009 | Check # 3187 | $886.16 |
| 5 | E4F-0000028-2 | 7/22/2009 | 08/03/2009 | Check # 3120 | $20.21 |
| 6 | E4F-0000029-0 | 7/27/2009 | 08/07/2009 | Check # 3129 | $2.00 |
| 7 | E4F-0000030-8 | 7/29/2009 | 08/10/2009 | Check # 3132 | $72.73 |
| 8 | E4F-0000031-6 | 7/30/2009 | 08/12/2009 | Check # 3137 | $25.00 |
| 9 | E4F-0000033-2 | 8/11/2009 | 08/24/2009 | Check # 3281 | $510.50 |
| 10 | E4F-0000036-5 | 8/18/2009 | 08/28/2009 | ACH | $25.00 |
| 11 | E4F-0000037-3 | 8/20/2009 | 12/14/2009 | Check # 2204 | $2.00 |
| 12 | E4F-0000040-7 | 8/31/2009 | 09/11/2009 | ACH | $25.00 |
| 13 | E4F-0000076-1 | 9/12/2009 | 12/23/2009 | ACH | $88.30 |
| 14 | E4F-0000047-2 | 9/14/2009 | 09/24/2009 | ACH | $8.75 |
| 15 | E4F-0000048-0 | 9/18/2009 | 10/01/2009 | ACH | $164.17 |
| 16 | E4F-0000050-6 | 9/21/2009 | 10/01/2009 | ACH | $221.85 |
| 17 | E4F-0000058-9 | 10/9/2009 | 10/22/2009 | ACH | $234.63 |
| 18 | E4F-0000064-7 | 10/20/2009 | 10/30/2009 | ACH | $150.00 |
| 19 | E4F-0000100-9 | 12/28/2009 | 01/08/2010 | ACH | $56.53 |

*Customs* (handwritten)

# Freight F*o*rwarder Intl
## Here to There → Fast!

P.O. Box 1308
KENNER LA 70063-1308
Phone # (504)464-4730
Fax # (504)464-4773

## INVOICE

| TO | INVOICE NO | INVOICE DATE |
|---|---|---|
| TRANSMARINE NAVIGATION SYSTEM<br>629 W. NIAGARA CIRCLE<br>STE 2012<br>NEW ORLEANS, LA. 70130<br>ATTN: ROBERT TOUPS | 007019 | 08/19/2009 |
| | ENTRY NUMBER | ENTRY DATE |
| | E4F00000373 | 08/19/2009 |

| SHIPPER/CONSIGNEE | YOUR REFERENCE NO | CUSTOMER NO |
|---|---|---|
| TRANSMARINE NAVIGATION SYSTEM | | TRANS |

| PIECES | WEIGHT | DESCRIPTION | ORIGIN/DESTINATION |
|---|---|---|---|
| 2 | 15 | CALIBRATORS | 23600 |

| AIRLINE/STEAMSHIP | ARRIVAL/DEPARTURE | AWB/BL NO | HAWB |
|---|---|---|---|
| FALSTER SPIRIT | 03/11/2009 | TKSHFALS23030B | |

**REMARKS**
THANKYOU FOR USING FREIGHT FORWARDER INTL.

*Customer # 9005* (handwritten)

| DESCRIPTION OF CHARGES | AMOUNT |
|---|---|
| CUSTOMS ENTRY AND CLEARANCE | 135.00 |
| CUSTOMS DUTIES | 6.00 |
| COURIER FEE | 35.00 |
| SPECIAL HANDLING FEE | 25.00 |
| DOCUMENT TRANSFER | 15.00 |
| DISBURSEMENT FEE | 8.57 |
| PREPAID INLAND FREIGHT | 56.50 |
| IMMEDIATE TRANSPOR. ENTRY | 25.00 |

| PAYABLE UPON RECEIPT | $ | 306.07 |
|---|---|---|

IF THIS ACCOUNT SHOULD BECOME DELINQUENT, THE DEBTOR ASSUMES ALL COSTS OF COLLECTION INCLUDING BUT NOT LIMITED TO COURT COSTS, SUIT FEES, AND REASONABLE ATTORNEY'S FEES.
TO ENABLE US TO PROMPTLY PAY DUTY AND CARRIER'S CHARGES FOR YOUR ACCOUNT, WE CANNOT BE RESPONSIBLE FOR DELAYS IN CLEARANCE AND FORWARDING CAUSED BY UNTIMELY REMITTANCE.
MERCHANDISE RELEASED BY CUSTOM IS DONE UNDER BOND AND IS SUBJECT TO REDELIVERY TO CUSTOMS ON DEMAND, FAILURE TO RETURN MERCHANDISE MAKES COSIGNEE SUBJECT TO PENALTY FOR FULL AMOUNT OF BOND.
IMPORTER MUST FURNISH MISSING DOCUMENTS WITHIN THE PERIOD OF TIME REQUIRED BY CUSTOMS REGULATIONS TO AVOID CUSTOMS PENALTIES.

JOYCE M. MOLERO
200 Crofton Rd. Bld.14
Room A
Kenner, La. 70062

AUGUST 19, 2009      INVOICE # 7019

TO: Freight Forwarder International
P.O. BOX 1308
Kenner, La. 70063

TRANSMARINE NAVIGATION SYSTEM   BL# TKSHFALS23030b   ENTRY # E4F00000373

| | |
|---|---:|
| CUSTOMS ENTRY AND CLEARANCE | 125.00 |
| COURIER FEE | 25.00 |
| DOCUMENT PROCESSING FEE | 10.00 |
| CARRIERS RELEASE | 25.00 |
| CUSTOMS DUTIES | 2.00 |
| DOCUMENT TRANSFER | 15.00 |
| | |
| TOTAL | $ 202.00 |

**Freight Forwarder Intl**
Here to There → *Fast!*

P.O. Box 1308
KENNER LA 70063-1308
Phone # (504)464-4730
Fax # (504)464-4773

| TO | INVOICE | |
|---|---|---|
| WORLD COMMERCE FORWARDING<br>16102 AIR CENTER BLVD.<br>HOUSTON, TEXAS 77032<br>ATTN: VIRGINA MADRIGAL | INVOICE NO<br>007007 | INVOICE DATE<br>06/18/2009 |
| | ENTRY NUMBER<br>E4F00000217 | ENTRY DATE<br>06/18/2009 |
| SHIPPER/CONSIGNEE<br>UNITED GENERAL SUPPLY CO., INC | YOUR REFERENCE NO<br>P.O.# 1934 | CUSTOMER NO<br>WORCOM |

| PIECES | WEIGHT | DESCRIPTION | ORIGIN/DESTINATION |
|---|---|---|---|
| 252 | 6476 | ELECTRIC FANS | 57078 |

| AIRLINE/STEAMSHIP | ARRIVAL/DEPARTURE | AWB/BL NO | HAWB |
|---|---|---|---|
| HANJIN YANTIAN | 06/18/2009 | HJSCYITA56306806 | |

REMARKS
CUST REF # 8002
FOR UNITED GENERAL SUPPLY

| DESCRIPTION OF CHARGES | AMOUNT |
|---|---|
| CUSTOMS DUTIES | 886.16 |

| PAYABLE UPON RECEIPT | $ | 886.16 |
|---|---|---|

IF THIS ACCOUNT SHOULD BECOME DELINQUENT, THE DEBTOR ASSUMES ALL COSTS OF COLLECTION INCLUDING BUT NOT LIMITED TO COURT COSTS, SUIT FEES, AND REASONABLE ATTORNEY'S FEES.
TO ENABLE US TO PROMPTLY PAY DUTY AND CARRIER'S CHARGES FOR YOUR ACCOUNT, WE CANNOT BE RESPONSIBLE FOR DELAYS IN CLEARANCE AND FORWARDING CAUSED BY UNTIMELY REMITTANCE.
MERCHANDISE RELEASED BY CUSTOM IS DONE UNDER BOND AND IS SUBJECT TO REDELIVERY TO CUSTOMS ON DEMAND, FAILURE TO RETURN MERCHANDISE MAKES CONSIGNEE SUBJECT TO PENALTY FOR FULL AMOUNT OF BOND.
IMPORTER MUST FURNISH MISSING DOCUMENTS WITHIN THE PERIOD OF TIME REQUIRED BY CUSTOMS REGULATIONS TO AVOID CUSTOMS PENALTIES.

179