Slip Op. 15-5

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **UNITED STATES**, | |
| **Plaintiff**, | |
| **v.** | **Before: Claire R. Kelly, Judge** |
| **FREIGHT FORWARDER INTERNATIONAL, INC.,** | **Court No. 14-00134** |
| **Defendant.** | |

<u>OPINION</u>

[Granting Plaintiff's Motion for Default Judgment.]

Dated: January 21, 2015

<u>Alexander Orlando Canizares</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for the Plaintiff.  With him on the brief were <u>Joyce R. Branda</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, <u>Claudia Burke</u>, Assistant Director.

Kelly, Judge:  Plaintiff, the United States ("Plaintiff" or "United States"), brings this action pursuant to 28 U.S.C. § 1582(1) (2012)[1] to recover a civil penalty against Defendant, Freight Forwarder International, Inc. ("Defendant" or "FFI"), a Louisiana corporation, for violations of section 641 of the Tariff Act of 1930, as amended,  19 U.S.C. § 1641(b)(6) (2012).[2]  Pl.'s Compl. ¶¶ 1–3, June 5, 2014, ECF No. 3.  Defendant has failed to answer or otherwise respond to Plaintiff's Complaint.  Upon Plaintiff's request, the Clerk of the Court entered default against Defendant on August 18, 2014.  Entry of

---

[1] Further citations to Title 28 of the U.S. Code are to the 2012 edition.
[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

Default, Aug. 18, 2014, ECF No. 7.  Plaintiff now moves under USCIT Rule 55(b) for default judgment against Defendant for transacting customs business without a broker's license under 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4 (2014).[3]  Pl.'s Mot. Default J. 1, Nov. 6, 2014, ECF No. 8 ("Pl.'s Mot.").   Plaintiff seeks a $10,000 penalty in accordance with 19 U.S.C. § 1641(b)(6) and (d)(2)(A), as well as post-judgment interest[4] and costs including $190 for service of the summons and complaint, per 28 U.S.C. § 1961(a) and (b).  Pl.'s Mot. 6.  Taking the facts alleged in Plaintiff's Complaint as true, the court finds that Plaintiff has met the requirements of USCIT Rule 55 for default judgment, and it has established Defendant's violation of 19 U.S.C. § 1641(b)(6) as well as Plaintiff's compliance with § 1641(d)(2)(A).[5]   Therefore, the court grants Plaintiff's Motion for Default Judgment ("Motion").

---

[3] Further citations to Title 19 of the Code of Federal Regulations are to the 2014 edition, all of which are substantively identical to the 2009 and 2010 editions.

[4] Plaintiff's Motion for Default Judgment only asks for post-judgment interest, but Plaintiff's Complaint asks for prejudgment interest as well.  "[P]rejudgment interest may not be awarded on punitive damages . . . ."  United States v. Imperial Food Imports, 834 F.2d 1013, 1016 (Fed. Cir. 1987) (citation omitted).  The United States Court of Appeals for the Federal Circuit has further held that prejudgment interest is not available on a penalty under 19 U.S.C. § 1592(c), as it constitutes an award of punitive damages.  United States v. Nat'l Semiconductor Corp., 547 F.3d 1364, 1369–70 (Fed. Cir. 2008) (citations omitted).  As Plaintiff did not move for prejudgment interest, the court does not address the issue.

[5] The court notes that Plaintiff is required to bring suit "within five years after the time when the alleged offense was discovered . . . ."  19 U.S.C. § 1621.  Even assuming the United States Customs and Border Protection ("CBP") discovered the very first violation on the same day the merchandise was entered, June 6, 2009, Plaintiff filed suit in this court on June 5, 2014, and therefore suit was timely filed.

## Background

Plaintiff alleges that between June 2009 and January 2010, Defendant intentionally paid duties and fees on behalf of non-related parties to the United States Customs and Border Protection ("CBP") for 19 entries of merchandise.  Pl.'s Compl. ¶¶ 5–6, 8.  Plaintiff alleges that "for some of the entries" Defendant directly invoiced the importers for those duties and fees as well.  Id. ¶ 6.[6]  During this time, Defendant also held itself out to the public as having "in-house customs broker services."  Id. ¶ 7 (internal quotation marks omitted).   Although Defendant retained an employee with a customs broker's license, Plaintiff alleges that "FFI did not hold a corporate customs broker's license in accordance with 19 U.S.C. § 1641(b)(3) or 19 C.F.R. § 111.11," and that therefore "FFI was not licensed or authorized to transact customs business during the time periods relevant to this complaint."  Pl.'s Compl. ¶ 4.

For purposes of compliance with the procedures set forth in 19 U.S.C. § 1641(d)(2)(A), Plaintiff alleges that "[a]ll requisite administrative procedures have been

---

[6] In its Motion, Plaintiff submits the affidavit of Leslie G. Dillmann ("Dillmann Declaration"), "the Fines, Penalties and Forfeitures Officer for [CBP] for the Area Service Port of New Orleans, Louisiana," that further claims Defendant "fil[ed] entries to obtain release of cargo, submit[ed] entries [sic] summaries, and issu[ed] payment to CBP for duties and fees that were owing on these importations."  Dillmann Decl. ¶¶ 1, 3, Nov. 6, 2014, ECF No. 8-1.  Additionally, Plaintiff's Notice of Filing of Exhibits ("Plaintiff's Exhibits") includes evidence that Defendant was responsible for payment of entry duties.  Pl.'s Notice of Filing of Exs. 1 at 5, 2 at 9, Jan. 6, 2015, ECF No. 13 ("Pl.'s Exs.").  Plaintiff also submits two invoices from Defendant to separate importers.   Both invoices are issued on FFI company letterhead, one of which shows charges for "customs entry and clearance, customs duties, courier fee, special handling fee, document transfer, disbursement fee, prepaid inland freight," and a charge for "immediate transport. entry."  Dillmann Decl. at 6.  The second invoice contains charges only for "customs duties."  Id. at 8.

exhausted." Pl.'s Compl. ¶ 15.  On June 3, 2010, "CBP issued a pre-penalty notice to FFI for conducting customs business without a customs broker's license in violation of 19 U.S.C. § 1641 and 19 C.F.R. § 111.4, with a proposed penalty amount of $10,000." Pl.'s Compl. ¶ 9.  Plaintiff claims that sometime around July 20, 2010, Defendant sought cancellation of the fine, which CBP refused and instead "[o]n August 25, 2010, CBP issued a penalty notice demanding payment of $10,000 and denying FFI's petition." Id. ¶¶ 10–11.  Defendant then filed a request seeking remission or mitigation on October 15, 2010, which CBP denied six months later.[7]  See id. ¶¶ 12–13.  See also Dillmann Decl. ¶¶ 9–10.  Finally, Plaintiff states that on four separate occasions CBP issued bills to Defendant for the $10,000 penalty, but that Defendant has not paid the penalty.  Pl.'s Compl. ¶ 14.

### Jurisdiction and Standard of Review

The court has jurisdiction over this penalty action brought by the United States under 28 U.S.C. § 1582(1) via 19 U.S.C. § 1641(b)(6) and (d)(2)(A).  For "[c]ivil actions commenced under section 1582 of [title 28]," the court's determination shall be "upon the basis of the record made before the court . . . ." 28 U.S.C. § 2640(a)(6).

In a motion for default judgment under USCIT Rule 55, the moving party must first demonstrate to the Clerk of the Court by affidavit or otherwise that the opposing party has failed to plead or otherwise defend.  USCIT R. 55(a).  Upon such a showing, the Clerk

---

[7] Defendant filed a response to the pre-penalty notice, as well as a petition for remission or mitigation after the final notice of penalty.  CBP denied both requests.  See Pl.'s Exs. 2, 3, 4, 5.

must enter default.  Id.  Under USCIT Rule 55(b), if "the plaintiff's claim is for a sum certain

or for a sum that can be made certain by computation, the court – on the plaintiff's request

with an affidavit showing the amount due – must enter judgment for that amount and costs

against a defendant who has been defaulted for not appearing . . . ."  Id. R. 55(b).  In

determining whether to grant a motion for default judgment, the court may look outside

the complaint whenever it needs to "determine the amount of damages or other relief; . .

. establish the truth of an allegation by evidence; or . . . investigate any other matter."  Id.

(allowing the court to conduct hearings or make referrals in such situations).  While the

rule "permits the [trial] court to conduct a hearing to determine damages, such a hearing

is not mandatory."  Cement & Concrete Workers Dist. Council Welfare Fund v. Metro

Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted).

        Although a defendant's default acts as an admission of liability for all well-pled

facts in the complaint, it does not admit damages.  See, e.g., id. (citation omitted);

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)

(citations omitted).  Furthermore, an entry of default does not automatically establish that

the facts constitute a valid legal cause of action.  See Au Bon Pain Corp. v. Artect, Inc.,

653 F.2d 61, 65 (2d Cir. 1981) (citation omitted).  Therefore, the court must determine

whether the allegations in the complaint establish the defendant's liability as a matter of

law.  See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir.

2011) (footnote omitted) (citation omitted).

### Discussion

Here, Plaintiff must allege facts sufficient to show a violation of 19 U.S.C. § 1641(b)(6) and CBP's compliance with the procedural requirements of § 1641(d)(2)(A). The court finds that Plaintiff has alleged facts establishing that "FFI . . . transact[ed] customs broker business without a license in violation of 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4." Pl.'s Mot. 1. Further, the court finds that Plaintiff has met all procedural requirements.

Plaintiff alleges that "[a]t all times relevant to the matters described in this complaint, FFI did not hold a corporate customs broker's license in accordance with 19 U.S.C. § 1641(b)(3) or 19 C.F.R. § 111.11," and that therefore, "FFI was not licensed or authorized to transact customs business." Pl.'s Compl. ¶ 4. Plaintiff alleges that the merchandise was entered between June 2009 and January 2010, and that Defendant did not have a license at the relevant time. Pl.'s Compl. ¶¶ 4–5. Plaintiff includes an exhibit showing the 19 entries at issue, date of entry and method of payment. Dillmann Decl. at 5.[8] Plaintiff then alleges that "FFI engaged in customs business by paying duties and fees on behalf of others to [CBP] for the importation of merchandise," and "for some of the entries,"[9] invoiced the importers directly for those fees. Pl.'s Compl. ¶ 6. In Plaintiff's Exhibits, Plaintiff includes evidence showing FFI was the payer company for entry duties paid on behalf of other persons. Pl.'s Exs. 1 at 5, 2 at 9. The Dillmann Declaration

---

[8] The Dillmann Declaration further attests to the fact that Defendant paid duties on the 19 entries in question and did not have a corporate license at the time these entries were made. Dillmann Decl. ¶¶ 3–4.

[9] The Dillmann Declaration includes two invoice examples. Dillmann Decl. at 6, 8.

includes two invoices printed on FFI company letterhead, which included charges for entry duties.  See Dillmann Decl. at 6, 8.

The court finds that the activities alleged are included in the scope of customs business as defined by statute.  Section 1641(b)(6) makes it a violation for "[a]ny person who intentionally transacts customs business, other than solely on the behalf of that person, without holding a valid customs broker's license granted to that person under this subsection . . . ."  19 U.S.C. § 1641(b)(6).   Any such person is "liable to the United States for a monetary penalty not to exceed $10,000 for each such transaction as well as for each violation of any other provision of this section."  19 U.S.C. § 1641(b)(6).  A person "includes partnerships, associations, and corporations."  19 U.S.C. § 1401(d).  The statute defines customs business to include

> those activities involving transactions with the Customs Service concerning the entry and admissibility of merchandise, its classification and valuation, the payment of duties, taxes, or other charges assessed or collected by the Customs Service upon merchandise by reason of its importation, or the refund, rebate, or drawback thereof. It also includes the preparation of documents or forms in any format and the electronic transmission of documents, invoices, bills, or parts thereof, intended to be filed with the Customs Service in furtherance of such activities, whether or not signed or filed by the preparer, or activities relating to such preparation, but does not include the mere electronic transmission of data received for transmission to Customs.

19 U.S.C. § 1641(a)(2). Customs business includes payment of duties and the preparation of invoices intended to be filed with CBP.  19 U.S.C. § 1641(a)(2).  Therefore, Plaintiff has alleged facts to support the legal conclusion that Defendant transacted customs business without the requisite corporate license in violation of 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.4.

Additionally, Plaintiff alleges that it complied with the notice provisions of 19 U.S.C.

§ 1641(d)(2)(A), which are explicitly required by § 1641(b)(6).[10]   Subsection (d)(2)(A)

provides that

> the appropriate customs officer shall serve notice in writing upon any
> customs broker to show cause why the broker should not be subject to a
> monetary penalty not to exceed $30,000 in total for a violation or violations
> of this section. The notice shall advise the customs broker of the allegations
> or complaints against him and shall explain that the broker has a right to
> respond to the allegations or complaints in writing within 30 days of the date
> of the notice. Before imposing a monetary penalty, the customs officer shall
> consider the allegations or complaints and any timely response made by
> the customs broker and issue a written decision. A customs broker against
> whom a monetary penalty has been issued under this section shall have a
> reasonable opportunity under section 1618 of this title to make
> representations seeking remission or mitigation of the monetary penalty.
> Following the conclusion of any proceeding under section 1618 of this title,
> the appropriate customs officer shall provide to the customs broker a written
> statement which sets forth the final determination and the findings of fact
> and conclusions of law on which such determination is based.

19 U.S.C. § 1641(d)(2)(A).   The corresponding regulations explain that CBP must first

issue a pre-penalty notice to the alleged violator that "advises the broker or other person

of the allegations or complaints against him and explains that the broker or other person

has a right to respond to the allegations or complaints in writing within 30 days of the date

of mailing of the notice."   19 C.F.R. § 111.92(a).   See also 19 C.F.R. § 171 App. C at I(A).

If CBP receives a timely response it "will review this response and will either cancel the

case, issue a notice of penalty in an amount which is lower than that provided for in the

written notice of allegations or complaints or issue a notice of penalty in the same amount

---

[10] The statute in § 1641(b)(6) requires the penalty to "be assessed in the same manner
and under the same procedures as the monetary penalties provided for in subsection
(d)(2)(A) . . . ."   19 U.S.C. § 1641(b)(6).

as that provided in the written notice of allegations or complaints." 19 C.F.R. § 111.92(b).

However, if CBP does not receive a response, then CBP "will issue a notice of penalty in

the same amount as that provided in the written notice of allegations or complaints." 19

C.F.R. § 111.92(b). Within 60 days of the issuance of the final notice of penalty, the

violator may submit a petition for remission or mitigation in accordance with 19 U.S.C.

§ 1618. 19 C.F.R. §§ 111.93, 171.2(b)(2). Under 19 U.S.C. § 1618, CBP has the

discretion to remit or mitigate a penalty if it "finds that such . . . penalty . . . was incurred

without willful negligence or without any intention on the part of the petitioner to defraud

the revenue or to violate the law, or finds the existence of such mitigating circumstances

as to justify the remission or mitigation of such fine, penalty, or forfeiture . . . ." 19 U.S.C.

§ 1618.[11]

Plaintiff's Complaint alleges that "[a]ll requisite administrative procedures have

been exhausted," and adequately sets forth the steps CBP took to notify Defendant of the

proposed penalty. Pl.'s Compl. ¶¶ 9–15. In its Motion, Plaintiff acknowledges the

requirements of § 1641(d)(2)(A), see Pl.'s Mot. 4 (citing 19 U.S.C. § 1641(d)(2)(A)), and

further claims that the "[f]ormal requirements necessary to impose a penalty on FFI were

---

[11] The regulations also give discretion to CBP:

> Upon receipt of a petition for relief submitted pursuant to the provisions of section 618 of the Tariff Act of 1930, as amended (19 U.S.C. 1618), or section 5321(c) of title 31, United States Code (31 U.S.C. 5321(c)), the Fines, Penalties, and Forfeitures Officer is empowered to remit or mitigate on such terms and conditions as, under law and in view of the circumstances, he or she deems appropriate in accordance with appropriate delegations of authority.

19 C.F.R. § 171.11(a).

followed."  Pl.'s Mot. 5.  Plaintiff submitted additional documentation supporting these allegations.  See generally Pl.'s Exs.  CBP issued Defendant a pre-penalty notice on June 3, 2010 for $10,000, alleging that Defendant was in violation of 19 U.S.C § 1641(a)(2), (b)(1), and (b)(6) and 19 C.F.R. §§ 111.1, 111.2, 111.4, 111.36, 111.91, and 171 App. C II(A), (B), and (C).  See Pl.'s Compl. ¶ 9; Pl.'s Exs. 1.  The pre-penalty notice informed Defendant of its 30-day right to file a response regarding why the penalty should not be issued.  See Pl.'s Exs. 1.  Plaintiff states Defendant submitted its first request for cancellation around July 20, 2010.  Pl.'s Compl. ¶ 10.[12]  On August 25, 2010, CBP "issued a penalty notice demanding payment of $10,000 and denying FFI's petition," id. ¶ 11, in compliance with the statutory requirement that CBP issue a final written notice of penalty. See Pl.'s Exs. 3.  Defendant then submitted a request for mitigation on October 15, 2010. Pl.'s Compl. ¶ 12; Dillmann Decl. ¶ 9.  See also Pl.'s Exs. 4.  CBP denied this request six months later on April 21, 2011.  Pl.'s Compl. ¶ 13.  See also Pl.'s Exs. 5.  The court finds that CBP followed the procedural requirements in 19 U.S.C. § 1641(d)(2)(A).

Based on the Complaint and supporting documentation, Plaintiff is entitled to the statutorily-prescribed $10,000 penalty provided for in 19 U.S.C. § 1641(b)(6).  USCIT Rule 55(b) states that if "the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court – on the plaintiff's request with an affidavit showing the amount due – must enter judgment for that amount and costs against a

---

[12] Although this date is after the 30 day deadline to submit a request for cancellation, the documentary evidence submitted by Plaintiff suggests Defendant received an extension. See Pl.'s Exs. 2 at 1.

defendant who has been defaulted for not appearing . . . ."  USCIT R. 55(b).  The Dillmann

Declaration sets forth the claim for the $10,000 penalty, and explains that it was calculated

in accordance with 19 U.S.C. § 1641(b)(6) and 19 C.F.R. § 111.91(b).  The penalty

amount dictated by the statute and accompanying regulations is also justified on the facts

of this case.  Section 1641(b)(6) allows "for a monetary penalty not to exceed $10,000 for

each  .  .  .  transaction  [of  customs  business  without  a  license]," but

§ 1641(d)(2)(A) and 19 C.F.R. § 111.91(b) limit the total amount for all violations to

$30,000.  The regulations explain that it is CBP's policy not to impose the full $30,000

unless there are aggravated circumstances.[13]  Plaintiff has submitted a demand for

$10,000.  As Plaintiff has included evidence of at least one violation, a $10,000 penalty

is warranted.  Therefore, Plaintiff has met USCIT Rule 55(b)'s requirements and is entitled

to the $10,000 penalty, post-judgment interest at the rate specified in 28 U.S.C.

§ 1961(b),[14] and the costs provided for under USCIT Rule 55(b), including the $190 fee

for service of the summons and complaint.

---

[13] "As a general rule, $10,000 will be the maximum assessment for a violation solely involving conducting Customs business without a license, without regard to the frequency of violations.  In particularly aggravated circumstances, this rule shall be suspended."  19 C.F.R. § 171 App. C at II(B)(2).

[14] Plaintiff seeks post-judgment interest as provided for in 28 U.S.C. § 1961(a) and (b), which state that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and "shall be computed daily to the date of payment . . . and shall be compounded annually . . . ."  Although 28 U.S.C. § 1961(a) and (b) provide for post-judgment interest in district courts the statute does not, by its terms, create a right to post-judgment interest on a money judgment obtained at the United States Court of International Trade.  See 28 U.S.C. § 1961(c)(4) ("This section shall not be construed to

(footnote continued)

## Conclusion

Upon consideration of Plaintiff's Complaint, Motion for Default Judgment, and the other evidence submitted, the court grants Plaintiff's Motion for Default Judgment for a $10,000 penalty along with post-judgment interest and costs.  Judgment will be entered accordingly.


 /s/ Claire R. Kelly  
Claire R. Kelly, Judge


Dated: January 21, 2015
      New York, NY

---

affect the interest on any judgment of any court not specified in this section.").  However, the United States Court of Appeals for the Federal Circuit has affirmed its application by way of 28 U.S.C. § 1585, which grants this Court "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."  28 U.S.C. § 1585. See also United States v. Great Am. Ins. Co. of New York, 738 F.3d 1320, 1325-26 (Fed. Cir. 2013) (citations omitted) (quoting 28 U.S.C. § 1585).